UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CHRISTINE ROBERE,

    Plaintiff,

v.

ELEVANCE HEALTH, INC.
(f/k/a ANTHEM INSURANCE
COMPANIES, INC.) (d/b/a
ANTHEM BLUE CROSS AND
BLUE SHIELD) and THE VERIZON
RETIREE GROUP HEALTH PLAN
FOR WEST ASSOCIATES,

    Defendant.

Case No. 22-623

HON. _____
United States District Judge

HON. _____
United States Magistrate Judge

_____

# COMPLAINT

Now comes Plaintiff Christine Robere, by and through counsel, and for her Complaint against Defendants Elevance Health, Inc. (f/k/a Anthem Insurance Companies, Inc.) (d/b/a Anthem Blue Cross and Blue Shield) and The Verizon Retiree Group Health Plan for West Associates, alleges as follows:

## Nature of Action

1. This is an action brought pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), to recover health benefits owed under the terms of The Verizon Retiree Group Health Plan for West Associates, which is administered by Elevance Health, Inc. (f/k/a Anthem Insurance Companies, Inc.) (d/b/a Anthem Blue Cross and Blue Shield).

## Parties

2. Plaintiff Christine Robere (hereinafter "Ms. Robere") is a resident of Muskegon County, Michigan.

3. Defendant Elevance Health, Inc. (f/k/a Anthem Insurance Companies, Inc.) (d/b/a Anthem Blue Cross and Blue Shield) (hereinafter "Anthem") is an insurance company with its principal office located in Indianapolis, Indiana, and Anthem regularly does business in Muskegon County, Michigan.

4. Defendant The Verizon Retiree Group Health Plan for West Associates (hereinafter "Verizon Plan") is an ERISA welfare benefit plan required to be administered "solely in the interest of the participants and beneficiaries" of the plan pursuant to ERISA, 29 U.S.C. 1104(a)(1), and the Verizon Plan is an entity that may sue or be sued under ERISA, 29 U.S.C. § 1132(d)(1). The plan administrator for the Verizon Plan is located in Lincolnshire, Illinois.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 § U.S.C. § 1331.

6. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## Count I: Claim for Health Benefits
## Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B)

7. At all material times, Ms. Robere has been covered for health benefits under the Verizon Plan.

8. At all material times, Anthem has been the claims administrator for the Verizon Plan.

9. As a fiduciary, Anthem has a duty to administer the Verizon Plan "solely in the interest of the participants and beneficiaries" of the plan pursuant to ERISA, 29 U.S.C. 1104(a)(1).

10. Ms. Robere has a long history of aortic stenosis.

11. On March 14, 2019, Ms. Robere's doctors performed a heart catheterization that confirmed her aortic stenosis was severe.

12. Ms. Robere was then referred to Dr. William Merhi, the medical director of the Spectrum Health Medical Group Structural Heart and Valve Center, for a consultation regarding potential remedial procedures.

13. On April 26, 2019, Dr. Merhi recommended that Ms. Robere undergo a Transcatheter Aortic Valve Replacement (TAVR), noting that this would be a low risk procedure for addressing Ms. Robere's aortic stenosis.

14. Ms. Robere's TAVR surgery was then planned to be performed by Dr. John Heiser on June 11, 2019.

15. Ms. Robere sought Anthem's pre-service approval of the expense for her TAVR surgery, noting that Dr. Heiser is an in-network physician.

16. However, Anthem denied coverage for the TAVR procedure, informing Ms. Robere that TAVR surgery was considered "investigational" and she should undergo open heart surgery instead.

17. Open heart surgery would entail higher risk and higher cost than TAVR, and Ms. Robere asked Anthem to reconsider its decision.

18. Ms. Robere provided Anthem with peer-reviewed articles showing that the TAVR procedure and valve are superior to open heart surgery; there is less pain involved; less risk of stroke; quicker recovery time; fewer days in the hospital; and significantly less cost.

19. Ms. Robere delayed her TAVR surgery for one week in hopes of obtaining pre-service approval from Anthem.

20. However, Anthem again denied pre-service approval, declaring the TAVR surgery "investigational and not medically necessary," based on an outdated medical policy.

21. Ms. Robere's TAVR surgery was performed on June 18, 2019, and the outcome was totally successful, and Ms. Robere was stable for discharge the following day.

22. Ms. Robere made a post-service claim for coverage of the TAVR procedure, noting that it was not "investigational," and that it had been in use for more than a decade.

23. Nevertheless, Anthem still denied coverage, no longer calling the procedure investigational, but determining that Ms. Robere did not need any surgical procedure at all to address her aortic stenosis.

24. Ms. Robere appealed this determination, providing among other things information confirming the FDA approval of the TAVR procedure.

25. Anthem denied Ms. Robere's appeal on February 11, 2020, acknowledging that Ms. Robere had severe aortic stenosis, but claiming that she was at relatively low risk for open heart surgery, and therefore, the TAVR procedure was not medically necessary.

26. Anthem offered Ms. Robere an opportunity to submit a second, voluntary appeal of Anthem's adverse decision, and Ms. Robere did so.

27. Anthem denied Ms. Robere's voluntary appeal on July 9, 2021.

28. In denying Ms. Robere's appeal, Anthem wrote that the TAVR procedure could only be approved under the Verizon Plan if the patient is at moderate to severe risk of death within 30 days from traditional open heart surgery, and concluded that Ms. Robere did not meet this criterion.

29. The Verizon Plan does not appear to contain this requirement for determining medical necessity.

30. In effect, Anthem ultimately determined that Ms. Robere's TAVR surgery was not medically necessary because she could have had open heart surgery at much higher risk and much higher cost.

31. Anthem's adverse decision regarding Ms. Robere's claim for benefits is inconsistent with the terms of the Verizon Plan and the requirements of ERISA.

32. Anthem confirmed that Ms. Robere had exhausted her administrative remedies, and that her last recourse would be filing a lawsuit under ERISA.

33. ERISA authorizes plan beneficiaries such as Ms. Robere to recover benefits and enforce their rights to benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

34. Therefore, it would be appropriate for the Court to award Ms. Robere all of the benefits to which she is entitled under the terms of the Verizon Plan and ERISA, 29 U.S.C. § 1132(a)(1)(B), with interest.

35. It would also be appropriate for the Court to award Ms. Robere the costs and reasonable attorney fees incurred in this action pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

## **Request for Relief**

Wherefore, pursuant to 29 U.S.C. § 1132, Plaintiff requests this Honorable Court to enter judgment in her favor against Defendants for the full amount of benefits owed, together with appropriate costs, interest, and statutory attorney fees.

Respectfully submitted,

*s/Robert B. June*
Robert B. June
Law Offices of Robert June, P.C.
Attorney for Plaintiff
415 Detroit Street, 2nd Floor
Ann Arbor, MI 48104-1117
Phone: (734) 481-1000
Primary E-Mail: bobjune@junelaw.com
Attorney Bar Number: P51149

Dated:  July 9, 2022